UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>          Plaintiff,<br><br>     v.<br><br>E. DOTSON, et al.,<br><br>          Defendants. | Case No. 23-cv-01311-NW<br><br>**ORDER GRANTING *SUA SPONTE* EXTENSION OF TIME TO FILE AMENDED COMPLAINT, DENYING MOTIONS TO AMEND COMPLAINT AND MOTION TO DISMISS AS MOOT**<br><br>Re: ECF Nos. 48, 51, 56 |

The Court is in receipt of Plaintiff Robert Trevino's two motions for leave to file an amended complaint (ECF Nos. 48, 56)[1] and Defendants' motion to dismiss (ECF No. 51). Trevino filed his motions for leave to amend after the Court issued orders screening his Amended Complaint (ECF No. 34) and dismissing non-cognizable claims for failure to file an amended complaint by the deadline (ECF No. 35), arguing that the Court dismissed key Defendants and alleging that he did not receive this Court's screening Order. In the meantime, Defendants filed their motion to dismiss addressing only the cognizable claims identified in this Court's dismissal order (ECF No. 35). *See* ECF No. 51.

In response to Trevino's recent submission of evidence showing that he did not receive this Court's screening Order, the Court set aside its order dismissing non-cognizable claims. *See* ECF No. 58. Moreover, the Court now Orders as follows:

    1. The Court **GRANTS** Trevino a *sua sponte* extension of time to file his Second

---

[1] The motions for leave to amend suggest that Trevino misunderstood the Court's orders, as he contends that the Court dismissed conspiracy claims against Hopkins, Ross, Servier, and Vega. *See* ECF No. 48 at 2. Trevino is incorrect. The Court found that Trevino stated cognizable claims of conspiracy against several Defendants, including the aforementioned, based on their alleged planting of a weapon, suppression of Trevino's attempts to file grievances, and falsification of incident and medical reports. *See* ECF No. 34 at 17; ECF No. 35 at 1.

United States District Court
Northern District of California

Amended Complaint.

2. The amended complaint must be filed within **28 days** of the date this order is filed and must include the caption and civil case number used in this order and the words "Second Amended Complaint" on the first page.  Because an amended complaint completely replaces the original complaint, Trevino must re-allege all cognizable claims and name all Defendants he wishes to pursue in addition to amending his Eighth Amendment claims. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the prior complaints or proceedings by reference.  **Failure to amend within the designated time will result in this action moving forward only as to the following cognizable claims:**

   a. Claims of interference with Trevino's First Amendment right to access the courts by Defendant Medina, Martinez, and Benavides;

   b. Claims of conspiracy to violate Trevino's Fourteenth Amendment due process rights based on alleged planting of a weapon, suppression of attempts to file grievances, and falsification of incident and medical reports by the following Defendants:  Dotson, Ambriz, Hopkins, Medina, Lord, Waterman, Servier, Ross, Newcomb, Cary, Vega, Perez, Anguiano, Collier, Elias, Milenewicz, Mendoza, Solis, Martinez, Piazano, Benavides, Binkele, and Voong;

   c. Claim that Trevino's Fourteenth Amendment right to due process was violated by Defendants Piazano, Lord, Waterman, Binkele, and Hopkins with respect to Trevino's disciplinary hearing for the July 15, 2011 incident.

3. The motions for leave to file an amended complaint (ECF Nos. 48, 56) are **DENIED AS MOOT**.

4. The pending motion to dismiss (ECF No. 51) is **DENIED AS MOOT** without prejudice to renewal if appropriate.

5. It is Trevino's responsibility to prosecute this case.  Trevino must keep the Court informed of any change of address by filing a separate paper with the Clerk headed

2

"Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk is requested to include a copy of this Court's screening order (ECF No. 34) with the copy of this order.

**IT IS SO ORDERED.**

Dated: February 23, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California

3