UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT TREVINO,

         Plaintiff,

    v.

E. DOTSON, et al.,

         Defendants.

Case No. 23-cv-01311-NW

**ORDER ADDRESSING PENDING MOTIONS, ORDERING DEFENDANTS TO FILE NOTICE**

Re: ECF No. 60, 62

The Court is in receipt of Plaintiff Robert Trevino's motions seeking to file a surreply to Defendants' reply for their motion to dismiss and to proceed with his cognizable claims and add a new fraud claim against unspecified Defendants. *See* ECF Nos. 60, 62. The Court addresses each motion below.

## I.    PENDING MOTIONS

### A.    Motion to File Surreply

Prior to receiving Trevino's motion to file a surreply, the Court denied the pending motion to dismiss without prejudice to grant Trevino more time to file an amended complaint. *See* ECF No. 59. Accordingly, this motion is **TERMINATED** as moot.

### B.    Motion to Proceed

As noted, Trevino also filed a motion to proceed with his cognizable claims and add a new claim of fraud.[1] Trevino alleges that he is entitled to "prosecute a 'fraud claim' under Fed. R. Civ. P. Rule 9(b)(d) and (g)," and seeks an "adverse credibility finding." ECF No. 62 at 3. He alleges that the "ISU Investigators (Defs.') perjured themselves during the discovery process of [C]ase

---

[1] Unless otherwise noted, the allegations in this section are from Trevino's motion to proceed. *See* ECF No. 62.

[N]o. 15-cv-05373 PJH . . . to unlawfully convict the Plaintiff at his 'disciplinary proceeding' on March 21, 2012, and subsequently in a court of law [where he could have served a Three Strikes life sentence if he had been convicted]." *Id.* at 4.

Trevino also alleges that Defendants are liable for malicious prosecution. The District Attorney's office, however, declined to pursue charges.[2]

### 1.    Failure to Follow Court Order

On February 23, 2026, the Court *sua sponte* granted Trevino an extension of time to file an amended complaint within 28 days. *See* ECF No. 59 at 1-2. The Court's order warned:

> The amended complaint must be filed within **28 days** of the date this order is filed and must include the caption and civil case number used in this order and the words "Second Amended Complaint" on the first page. Because an amended complaint completely replaces the original complaint, Trevino must re-allege all cognizable claims and name all Defendants he wishes to pursue in addition to amending his Eighth Amendment claims. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaints or proceedings by reference. **Failure to amend within the designated time will result in this action moving forward only as to the following cognizable claims:**
>
> [1]  Claims of interference with Trevino's First Amendment right to access the courts by Defendant Medina, Martinez, and Benavides;
> [2]  Claims of conspiracy to violate Trevino's Fourteenth Amendment due process rights based on alleged planting of a weapon, suppression of attempts to file grievances, and falsification of incident and medical reports by the following Defendants: Dotson, Ambriz, Hopkins, Medina, Lord, Waterman, Servier, Ross, Newcomb, Cary, Vega, Perez, Anguiano, Collier, Elias, Milenewicz, Mendoza, Solis, Martinez, Piazano, Benavides, Binkele, and Voong;
> [3]  Claim that Trevino's Fourteenth Amendment right to due process was violated by Defendants Piazano, Lord, Waterman, Binkele, and Hopkins with respect to Trevino's disciplinary hearing for the July 15, 2011 incident.

*Id.* at 2.

Accordingly, if Trevino wished to add a new claim, the proper recourse was to include it in

---

[2] As Trevino was not arrested or prosecuted in criminal court, he cannot state a claim for malicious prosecution under federal or state law. *See, e.g., Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (absence of probable cause, malice, and a Fourth Amendment seizure or violation of another specific constitutional right are necessary elements of a § 1983 malicious prosecution claim); *Van Audenhove v. Perry*, 11 Cal. App. 5th 915 (4th Dist. Cal. 2017) (holding that a California law cause of action for malicious prosecution cannot be premised on arrest that does not result in formal charges).

amended complaint as instructed by this Court. Trevino's attempt to incorporate a new claim in a piecemeal fashion does not comply with this Court's prior Order, and is also barred by this district's local rules. *See* Civ. L.R. 10-1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference.").

### 2. Failure to State a Claim

Trevino fails to state a cognizable claim.

### a. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives

another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

### b.    Analysis

At the outset, Trevino's motion does not specify which Defendants are subject to his fraud claim, or the specific actions taken by each relevant Defendant to support his claim of fraud. *See Gibson v. City of Portland*, 165 F. 4th 1265, 1271 (9th Cir. 2026) (holding that, in actions naming multiple defendants, complaints fail to satisfy Federal Rule of Civil Procedure 8(a)(2) via "shotgun pleadings," *i.e.*, by making allegations referring to defendants collectively and "leaving . . . [d]efendants, [and] the district court, . . . to decipher the details.").

Moreover, his allegations do not meet the requirements for a fraud claim because he has not alleged his detrimental reliance on any fraud. *See Auble v. Pacific Gas & Elec. Co.*, 55 F. Supp. 2d 1019, 1022 n.2 (N.D. Cal. 1999) (noting elements of fraud claim). Trevino's proffered legal citations do not save his claim. For example, Trevino cites to Federal Rule of Civil Procedure 9, *Lazar v. Superior Court*, 12 Cal. 4th 631 (1996), and *Tennison v. City and Cnty. of S.F.*, 570 F.3d 1078 (2009) in support of his fraud claim. However, Rule 9 does not create a cause of action, and fraud alone does not implicate his federal civil rights. *See Smith v. Wells Fargo Bank, N.A.*, 809 F. Supp. 3d 922, 934 (N.D. Cal. 2025) ("Rule 9(b) imposes a heightened pleading standard where fraud is an essential element of a claim"); *Spearman v. Sacramento Cnty.*, No. 2:21-cv-01289-JDP, 2022 WL 1104230, *1 (E.D. Cal. Apr. 12, 2022) ("[A] claim for fraud . . . cannot form the sole basis for a section 1983 action."). *Lazar* involves a claim of fraudulent inducement of a contract, which is inapplicable to the facts presented by Trevino as no contractual relationship has been alleged. Moreover, *Tennison* does not involve a claim of fraud; it involves officers' alleged perjury and falsification of evidence during a murder trial, which affords certain rights and guarantees not applicable to prison disciplinary proceedings or civil proceedings. *See Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997), *overruled on other grounds by, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ("[A] prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports."). Given that Trevino's

allegations of fraud do not give rise to an independent cause of action under either federal or state law, the Court concludes that further leave to amend the complaint to include this claim would be futile.[3] *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

## II.   CONCLUSION

The Court orders as follows:

1. The motion to file a surreply (ECF No. 60) is **TERMINATED** as moot.

2. The motion to proceed with cognizable claims is **GRANTED** to the extent Trevino seeks to proceed on his cognizable claims, and **DENIED** to the extent that he wishes to add a claim of fraud.

3. The following cognizable claims will proceed:

   a. Claims of interference with Trevino's First Amendment right to access the courts by Defendant Medina, Martinez, and Benavides;

   b. Claims of conspiracy to violate Trevino's Fourteenth Amendment due process rights based on alleged planting of a weapon, suppression of attempts to file grievances, and falsification of incident and medical reports by the following Defendants:  Dotson, Ambriz, Hopkins, Medina, Lord, Waterman, Servier, Ross, Newcomb, Cary, Vega, Perez, Anguiano, Collier, Elias, Milenewicz, Mendoza, Solis, Martinez, Piazano, Benavides, Binkele, and Voong;

   c. Claim that Trevino's Fourteenth Amendment right to due process was violated by Defendants Piazano, Lord, Waterman, Binkele, and Hopkins with respect to Trevino's disciplinary hearing for the July 15, 2011 incident.

4. All other claims and Defendants are **DISMISSED**.

---

[3] To the extent that Trevino alleges that Defendants have intentionally destroyed or hidden evidence that he needs to prove his claims in this lawsuit, Trevino may seek a legal remedy once this matter reaches the summary judgment or trial stage. *See, e.g., Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) ("[A] trial court . . . has the broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation of against the party or witness responsible for that behavior.").

United States District Court
Northern District of California

5.  To expedite resolution of this matter, the Court **ORDERS** Defendants to file a notice, within **fourteen days**, explaining whether they wish to renew their motion to dismiss (ECF No. 51) or wish to file a new dispositive motion.  Should Defendants elect to renew their motion to dismiss, the motion will be considered submitted and ripe for review.  Should Defendants elect to file a new dispositive motion, the Court will set further briefing on this matter.

**IT IS SO ORDERED.**

Dated: April 29, 2026

Noël Wise
United States District Judge